# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BARSOUM S. ISRAEL,<br><br>*Plaintiff,*<br><br>v.<br><br>LIEUTENANT DEAN R. SMITH, *et. al*,<br><br>*Defendants.* | Civil Action No.:<br>13-cv-0097 (PGS) (LHG)<br><br><br>**MEMORANDUM AND<br>ORDER** |

This matter is before the Court on Defendants Township of Freehold, Chief Ernest Schriefer, and Lieutenant Dean Smith's motion in limine to preclude any evidence or testimony relating to excessive force that purportedly occurred while Plaintiff Barsoum S. Israel was in custody at the police station. Plaintiff opposes the motion, contending that the allegations arising from the police station were pleaded in the original complaint. For the reasons discussed herein, Defendants' motion is granted.

I.

This case involves allegations of excessive force by Lt. Smith. On December 31, 2012, Plaintiff filed his Original Complaint in this Court, asserting, among other things, federal civil rights claims under 42 U.S.C. § 1983 for excessive force. (ECF No. 2). Most of the allegations in the Complaint concern the facts surrounding the use of force by Lt. Smith when he stopped Mr. Israel's car for a traffic violation. In the Original Complaint, there is one paragraph about the use of force at the police station. It reads:

> As if such unnecessary and excessive force were not enough, at the police station, Officer Smith would not so much as allow the elderly Mr. Israel to sit down. Instead, Officer Smith increased Mr. Israel's pain by ignoring Mr. Israel's pleas that he was in great distress, and by dragging Mr. Israel around.

1

(*Id.* at ¶ 32). On March 29, 2014, Plaintiff moved to amend his Complaint, and to assert that Lt. Smith used excessive force at the police station. (ECF No. 14). Specifically, in his Proposed Amended Complaint, Plaintiff alleged the following:

> At the police station, two other police office[r]s joined Officer Smith in battering Mr. Israel; they shoved him violently against the wall, causing his head and his body to collide with the wall several times, then forcibly removed Mr. Israel's belt and shoes.

(ECF No. 14-3 at ¶ 36). In a written opinion issued on October 7, 2014, Magistrate Judge Goodman denied Plaintiff's motion to amend, explaining:

> This allegation is entirely new and apparently implicates individuals that are not parties to this action. Plaintiff has given no reason why these additional facts were not in the original Complaint or why they should be allowed to be added at this late date. The Court therefore finds undue delay with regard to the motion to add these facts, and this portion of Plaintiff's request to amend his Complaint will therefore also be denied.

(ECF No. 23 at 15).

On November 3, 2014, Plaintiff filed a notice of appeal directly with the Third Circuit, challenging Magistrate Goodman's decision. (ECF No. 26). The Third Circuit summarily dismissed the appeal for lack of appellate jurisdiction, since the magistrate's decision was not first appealed to the District Court. (ECF No. 36). Thereafter, Plaintiff did not appeal Magistrate Goodman's decision to this Court. As such, the Complaint was never amended. The case proceeded through discovery. During the preparation of a proposed form of the Final Pretrial Order, Plaintiff re-asserted the Police station incident. Shortly afterward, Magistrate Goodman signed the Order. In the "Plaintiff's Contested Facts" section of the Final Pretrial Order, Plaintiff intends to prove the following at trial:

> Mr. Israel was taken from the bench, stripped of his jacket and shoes, shoved into the brick wall opposite cell #1, and again beaten by Lt. Smith and two other officers, before being placed in cell #1.

(ECF No. 93, Final Pretrial Order, at ¶ 80). Defendants move to strike this paragraph as being beyond the cause of action set forth in the complaint, and to bar any testimony relating to any excessive force at the police station beyond being dragged by Lt. Smith.

II.

"Final pretrial orders are governed by Rule 16(e), which provides that a pretrial order 'shall control the subsequent course of the action unless modified by a subsequent order.'" *Johnson v. City of Camden Police Dep't*, No. 96-5840, 1998 U.S. Dist. LEXIS 21385, at *14-15 (D.N.J. Dec. 31, 1998) (quoting *Basista v. Weir*, 340 F.2d 74, 85 (3d Cir. 1965)). As such, "numerous courts have held that a final pretrial order supersedes the pleadings and that claims or defenses set forth in the pleadings but omitted from the final pretrial order are not properly before the district court." *Id.* at *15. The purpose of pretrial orders is "to harness unwieldy litigation by simplifying the dispute and narrowing the issues for trial." *Phoenix Canada Oil Co v. Texaco, Inc.*, 842 F.2d 1466, 1476 (3d Cir. 1988). "For this reason, pretrial orders bind the parties unless modified by the court to prevent manifest injustice." *Id.* "It is well established that departure from or adherence to the pretrial order is a matter peculiarly within the discretion of the trial judge." *Beissel v. Pittsburgh & L.E.R. Co.*, 801 F.2d 143, 150 (3d Cir. 1986).

"Courts 'do not normally expect to see claims or defenses not contained in the pleadings appearing for the first time in the pretrial order' because '[s]uch a practice deprives one's adversary of fair notice, possibly discovery, and the opportunity for motion practice, and is subject to abuse by those who employ a sporting theory of justice, and the laudable purpose of the Rule is to avoid surprise, not foment it.'" *Bornstein v. Cty. of Monmouth*, No. 11-5336, 2015 U.S. Dist. LEXIS 59183, at *27 (D.N.J. May 6, 2015) (quoting *In re AT&T Sec. Litig.*, No. 00-5364, 2004 U.S. Dist. LEXIS 28452, at *16 (D.N.J. Apr. 7, 2004)). "In the few instances where a party has sought to

inject some new element into the case by way of the final pretrial order, courts have not blindly or automatically applied the rule that final pretrial orders supersede the pleadings. Instead, courts have carefully assessed the prejudice to the opposing party and, where prejudice exists, the newly asserted claim or defense has been rejected despite its inclusion in the final pretrial order." *Id.* at *29 (citing *Cont'l Ins. Co. v. Beecham, Inc.*, 836 F. Supp. 1027, 1045 n. 10 (D.N.J. 1993)).

III.

Here, Defendants contend that testimony relating to excessive force arising from the police station must be barred, since Magistrate Goodman already prohibited the amendment to the complaint. (ECF No. 23). Plaintiff responds that Paragraph 80 of the Final Pretrial Order is consistent with the Original Complaint and simply clarifies his original allegation that Mr. Israel was "dragged" in the station. (Pl's Brief in Opp. at 6). Alternatively, Plaintiff claims that "manifest injustice" would occur if such claims were precluded. The Court disagrees.

First, when comparing Paragraph 32 of the Original Complaint with Paragraph 80 of Plaintiff's Contested Facts, the paragraphs are different, and Paragraph 80 is not merely a clarification. Rather, Paragraph 80 presents a wholly new allegation of excessive force that was expressly barred in Magistrate Goodman's order.

Second, Plaintiff's "manifest injustice" argument is without merit. Being that Plaintiff is the one who inserted wholly new factual allegations in the Final Pretrial Order, the Court considers the prejudice to Defendants, as the opposing party. *See Bornstein*, 2015 U.S. Dist. LEXIS 59183, at *29. Here, Magistrate Goodman found the motion to amend the complaint was filed 18 months after the Original Complaint was brought, and it concerned two other officers, so she denied the motion as untimely. Plaintiff then filed the appeal with the wrong court. So Plaintiff, on the eve

4

of trial,[1] seeks that I allow this evidence in, because it is referred to in the Original Complaint. I am reluctant to permit Plaintiff, at the eleventh hour, to add a new theory of liability, especially, when Magistrate Judge Goodman previously ruled on the issue and discovery was completed based on that denial. *See, e.g., Bornstein*, 2015 U.S. Dist. LEXIS 59183, at *29; *see also Cont'l Ins. Co.*, 836 F. Supp. at 1045 n.10. For these reasons, Defendants' motion is granted.

                                                         PETER G. SHERIDAN, U.S.D.J.

---

[1] The Court also notes that Plaintiff's counsel has demonstrated a total lack of diligence in handling this matter. On November 29, 2017, the Court issued its memorandum and order regarding Defendants' Motion for Summary Judgment and scheduled this case for trial on April 2, 2018. (ECF No. 100). In the five months between the Court's Order and the scheduled date for trial, Plaintiff submitted no papers with the Court, never contacted chambers, and failed to appear for oral argument on Defendants' motions in limine. (ECF No. 102). Apparently, it was only after Plaintiff contacted his attorney, regarding the upcoming trial, that Plaintiff's counsel finally appeared before the Court.